UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD JOHNSON,

    Plaintiff,

v.                                                 Case No. 5:05-cv-231-Oc-10GRJ

BUREAU OF PRISONS, et al.,

    Defendants.
_____

## ORDER GRANTING SUMMARY JUDGMENT

Plaintiff initiated this case by filing a civil rights complaint in the District Court for the District of Columbia (Doc. 2). Because the Complaint concerned events occurring at FCC Coleman, the case was transferred to this Court (Doc. 1). In the Complaint, Plaintiff asserts that his rights were violated in connection with his custody classification. On October 3, 2005, the Defendants filed a Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 14). Because Plaintiff failed to respond to the Motion, on March 24, 2006, the Magistrate Judge ordered Plaintiff to show cause as to why the Motion should not be granted (Doc. 15). As of the date of this Order, Plaintiff has failed to respond to Defendants' Motion.

Defendants' Motion alleges, *inter alia*, that Plaintiff failed to exhaust his administrative remedies before filing this case because he did not properly complete the BOP's administrative remedy process. See Doc. 14. Defendants' Motion is

supported by the affidavit of Paralegal Specialist Roy Lathrop. See id. exh. 2. Plaintiff has not controverted this assertion.

## Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party."[1] The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. [2]

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact.[3] If the Court finds that the movant has satisfied the initial burden, the burden shifts to the non-moving party to provide sufficient evidence of every element he or she is required to prove at trial.[4] If the party who has the burden of proof at trial fails to establish even one essential

---

[1] Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

[2] Anderson v. Liberty Lobby, 477 U.S. 242, 248 106 S.Ct. 2505, 2510 (1986).

[3] Celotex at 323.

[4] Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (1993), *reh'g and reh'g en banc* denied, 16 F.3d 1233 (11th Cir. 1994).

element of the case, "there can be no genuine issue as to any material fact" because the failure to establish one essential element "renders all other facts immaterial." Id. The nonmoving party must go "beyond the pleadings, [and show] that there exist genuine issues of material fact."[5]

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides as followes:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.

---

[5] Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986).

1999) (citing <u>Alexander</u>, 159 F.3d at 1326).

In <u>Alexander</u>, the Eleventh Circuit noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

159 F.3d at 1327 (citation omitted).

The Bureau of Prisons (BOP) makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For an inmate at the Federal Correctional Complex in Coleman, Florida, this appeal would be filed with the Southeast Regional Office of the BOP in Atlanta, Georgia.) Finally, if the

Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

Plaintiff has failed to come forward with any evidence showing that there is a genuine issue as to whether he failed to properly complete the administrative remedy process before filing this case. Accordingly, Defendants in this case are entitled to summary judgment.

## Conclusion

The Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 14) is **GRANTED**. This case is hereby **DISMISSED**. The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 2nd day of May 2006.

_____
UNITED STATES DISTRICT JUDGE

c: Plaintiffs
   Counsel of Record